**Tagged for Publication**



**ORDERED in the Southern District of Florida on September 29, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

Frederick M. & Bevena F. **Blackmon,**

    Debtors.
_____/

Case No: 10-41452-JKO

Chapter 13

**In re**:

Raul **Reyes** & Maribel **Nadal**,

    Debtors.
_____/

Case No: 11-10797-JKO

Chapter 13

**Order Denying Confirmation of Debtors' Chapter 13 Plans
[B. ECF No. 88] & [RN. ECF No. 11][1]**

Creditor AmeriCredit Financial Services, Inc. objects to confirmation of the debtors' Chapter 13 plans because it believes that the plans were not filed in good faith.

---

[1] Citations to "B. ECF No." refer to the docket in the Blackmon case (10-41452-JKO). Citations to "RN. ECF No." refer to the docket in the Reyes & Nadal case (11-10797-JKO).

*See* 11 U.S.C. § 1325(a)(3). AmeriCredit argues that the debtors purchased vehicles shortly before their bankruptcy filings, and then proposed Chapter 13 plans which would repay AmeriCredit at interests rates much lower than the contract interest rates. The court conducted an evidentiary confirmation hearing on August 30, 2011. In addition to the evidence presented at that hearing, the parties asked the court to consider the transcript of an April 19, 2011 evidentiary hearing on the debtors' motions to value.

## *Background*

Attorney Michael Frank filed joint Chapter 13 petitions for two different couples: Frederick and Bevena Blackmon, and Raul Reyes and Maribel Nadal. Seventy-nine days prior to the Blackmons' bankruptcy filing, Mr. Blackmon purchased a 2007 Suzuki XL-7 financed by AmeriCredit at an interest rate of 19.95%. *See* [B. ECF No. 71], Ex. A. Seventy-five days prior to Mr. Reyes and Ms. Nadal's bankruptcy filing, they purchased a 2011 Hyundai AO422 financed by AmeriCredit at an interest rate of 11.65%. *See* [RN. ECF No. 71], Ex. A.

Both sets of debtors filed motions to value pursuant to 11 U.S.C. § 506 which sought to provide AmeriCredit with fully secured claims, but modify the respective contract interest rates rate to 5.25%. *See* [B. ECF No. 26 & RN. ECF No. 21]. AmeriCredit opposed both motions, citing the "hanging paragraph" beneath 11 U.S.C § 1325(a)(9) which provides that § 506 is inapplicable to "910-day" vehicles. Because the debtors' motions essentially sought permission to propose plans modifying AmeriCredit's rights under § 1322(b)(2), the court concluded that the debtors were essentially asking the court to bless their Chapter 13 plans (or at least portions of them) pre-confirmation. The court is required by § 1325(a)(3) to consider at confirmation whether a plan is proposed in good faith, and the debtors' attempts to obtain pre-confirmation blessing of portions of their plans via § 506 motions to value were accordingly denied.

*See* [B. ECF No. 86 & RN. ECF No. 90]. The court accordingly scheduled an evidentiary confirmation hearing for August 30, 2011.

At the August 30th confirmation hearing, Debtor Federick M. Blackmon testified that he met with bankruptcy counsel and made partial payment to bankruptcy counsel before purchasing the 2007 Suzuki XL-7 financed by AmeriCredit at an interest rate of 19.95%. The parties did not present witnesses regarding the Reyes & Nadal case at the August 30th hearing, but instead referred the court to the April 19, 2011 transcript of the evidentiary hearing on the debtors' motions to value. That transcript shows that AmeriCredit's attorney elicited testimony from Debtor Raul Reyes that he owed $268,182 in unsecured debt and had a foreclosure judgment entered against him at the time he purchased the 2011 Hyundai AO422 financed by AmeriCredit at an interest rate of 11.65%. The issue is whether, in light of these facts, the debtors can in good faith propose Chapter 13 plans which would repay AmeriCredit at 5.25%.

## *Discussion*

The Eleventh Circuit has looked to the Eighth Circuit's list of eleven factors in determining whether a Chapter 13 plan is proposed in good faith, but the factors "are not intended to comprise an exhaustive list." *In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983) (citing *In re Estus*, 695 F.2d 311, 317 (8th Cir. 1982)). The primary factors to be considered in assessing a Chapter 13 debtor's "good faith" or lack thereof in proposing a plan are: (1) the debtors' motivations; (2) their sincerity in seeking Chapter 13 relief; and (3) the circumstances under which they contracted their debts and their demonstrated *bona fides* in dealings with creditors. *In re Weiser*, 391 B.R. 902 (Bankr. S.D. Fla. 2008) (Cristol, J.). There is no bright line rule for determining whether a Chapter 13 plan is proposed in "good faith," so the bankruptcy

court must make a common sense judicial determination based on the totality of the circumstances on a case by case basis. *In re Hingiss*, 440 B.R. 787 (Bankr. E.D. Wis. 2010).

*Hingiss* addressed a somewhat complicated set of facts involving a (possibly) engineered dismissal, and whether the 910-day period of § 1325(a)(9) could be equitably tolled. *See id.* But the core holdings of *Hingiss* which are applicable here are: (1) that mere speculation is insufficient to deny plan confirmation based on bad faith; and (2) that plan confirmation should be denied unless the plan fully pays a 910-day car claim. *See id.* at 789, 791. First, AmeriCredit offers more than mere speculation in this case. Debtor Frederick Blackmon met with and partially paid bankruptcy counsel before purchasing a vehicle at 19.95%. Debtor Raul Reyes owed $268,182 in unsecured debt and had a foreclosure judgment entered against him at the time he purchased the 2011 Hyundai AO422 financed by AmeriCredit at 11.65%. The court accordingly finds that the debtors in the above-styled cases were contemplating bankruptcy at the time they purchased their vehicles. Second, while a Chapter 13 plan can certainly "fully repay" a 910-day car claim at a reduced interest rate, when a debtor finances a vehicle at 19.95% or 11.65% shortly before a bankruptcy filing in contemplation of bankruptcy, the debtor cannot in good faith propose a plan which would repay the secured creditor at less than the contract interest rate. This is because, at base, the good faith inquiry under both § 1307 (dismissal of a bad faith petition) and § 1325 (confirmation of a good faith plan) focuses on whether the filing is fundamentally fair to creditors. *Matter of Love*, 957 F.2d 1350, 1357 (7th Cir. 1992). These debtors negotiated contract interest rates in contemplation of bankruptcies in which they proposed to repay at substantially lower rates. The burden of proof is upon a debtor to establish confirmation of a good faith plan under § 1325, *In re Ristic*, 142 B.R. 856, 859 (Bankr. E.D. Wis. 1992), and the debtors in the above-styled cases have failed to carry their burden here.

*Conclusion*

The debtors in the above-styled cases purchased and financed vehicles shortly before their bankruptcy filings in contemplation of those filings. They then proposed Chapter 13 plans which would repay the 910-day car claims at less than the contractual interest rates such that the plans are not proposed in good faith. Confirmation of the debtors' Chapter 13 plans **[B. ECF No. 88] & [RN. ECF No. 11]**[2] are DENIED without prejudice to proposing new Chapter 13 plans which would repay AmeriCredit in full and at the contract interest rates or which would treat AmeriCredit outside the plan.

SO ORDERED.

# # #

*The Clerk of Court is directed to provide copies of this order to all interested parties registered to receive notice*

---

[2] Citations to "B. ECF No." refer to the docket in the Blackmon case (10-41452-JKO). Citations to "RN. ECF No." refer to the docket in the Reyes & Nadal case (11-10797-JKO).